JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar Number 7709
MELANEE SMITH
JACOB OPERSKALSKI
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Melanee.Smith@usdoj.gov
Jacob.Operskalski@usdoj.gov

DAVID L. JAFFE
Chief, Violent Crime and Racketeering Section
U.S. Department of Justice
JEREMY I. FRANKER
CHRISTOPHER O. TAYLOR
Trial Attorneys
Violent Crime and Racketeering Section
U.S. Department of Justice
Jeremy.Franker@usdoj.gov
Christopher.Taylor2@usdoj.gov
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:19-cr-00103-GMN-MDC |
| Plaintiff, | **Stipulation for a Protective Order** |
| v. | |
| JOSE LUIS REYNALDO REYES-CASTILLO,<br>    a/k/a "Molesto," | |
| DAVID ARTURO PEREZ-MANCHAME,<br>    a/k/a "Walter Melendez,"<br>    a/k/a "Herbi," | |
| ALEXANDER DE JESUS FIGUEROA-<br>TORRES, | |
| Defendants. | |

The parties, by and through the undersigned, respectfully request that the Court issue an Order governing disclosure of certain discovery material pursuant to Fed. R. Crim. P. 16(d). The same parties further respectfully request that the Court find that grand jury and other discovery materials provided by the government are being provided for the purpose of the trial in this case.[1]

IT IS THEREFORE ORDERED that:

1.  In order to protect the safety and privacy interests of innocent third parties and potential witnesses, to protect law enforcement interests, and to encourage early, broad and expansive discovery in this case, the defendants, the defendants' attorneys of record, and their respective staff members and others retained to work on the case:

    a) shall not distribute law enforcement reports, transcripts, recordings, and/or other materials provided by the government pursuant to discovery except as set forth below;

    b) shall not provide any law enforcement reports, transcripts, recordings, and other materials provided pursuant to discovery to anyone with the exception of the defendants, defendant's attorneys of record in this case, members of their staff, and paralegals, law clerks, defense investigators, mitigation specialists, and experts retained by counsel to work on the case. Counsel for the defendants are ordered to provide a copy of this Order to anyone within the employ of counsel who receives such documents. Nothing in this Order prevents counsel of record for the defendants or members of their staff from showing or orally summarizing the government discovery materials and transcripts if, in the sole discretion of counsel of record, he or she determines that it is necessary to do so for purposes of preparing the defense.

---

[1] On August 11, 2019, this Court issued a Protective Order substantially the same as this one. However, defendant Alexander de Jesus Figueroa-Torres was not yet in custody and was not a signatory. In anticipation of a new, large production of discovery related to the superseding indictment, the parties are asking to renew the Order.

Counsel of record or members of the defense team may also show and/or play audio and/or video recordings (but not provide copies of such) provided in discovery to witnesses or potential witnesses or others working at the direction of counsel of record or the defense team, if, in the sole discretion of the counsel of record, she or he determines that it is necessary to do so for purposes of preparing the defense of the case;

    c) shall not reproduce in any part, in their entirety, nor in any format, any law enforcement reports, transcripts, recordings, and/or other discovery materials for dissemination to any persons or parties, including the defendants, and shall maintain complete custody and control over the law enforcement reports, transcripts, recordings, and documents, including notes and/or copies, this expressly includes any data extracted from cellular telephones or other digital devices;

    d) may allow transcripts or other discovery materials containing Jencks Act (18 U.S.C. § 3500) statements of witnesses, e.g., grand jury transcripts, witness statements whether electronically recorded or in the form of handwritten statements by the witnesses, or reports of witness statements by law enforcement officers, search warrant affidavits, or copies or summaries of the same, to remain with any defendant in that defendant's detention facility for review outside the presence of the defendant's attorney of record, or a member of the attorneys' staff, but may not allow Rule 11 memoranda of cooperating witnesses and defendants' post-Miranda statements to remain in the possession of defendants outside of the presence of that defendant's respective legal counsel; to aid in the distinction between what may and may not remain with defendants absent counsel, the government agrees to notify each defendant's counsel which items constitute cooperator or post-Miranda evidence;

    e) shall not provide copies of any notes or records of any kind made in relation to the contents of the discovery materials, other than to the defendant, defendant's counsel,

1 members of their staff, and those retained to work on the case, and all such notes or records are
2 to be treated in the manner as the original discovery materials; and
3       f)  shall upon conclusion of this case, including any appeal, habeas action, or
4 other legal proceeding, dispose of all discovery materials in one of two ways, unless otherwise
5 ordered by the Court:  materials must be (1) destroyed or (2) returned to the United States.
6 The Court may require a certification as to the disposition of any such materials;
7     2.    Any pleading that has as an attachment a protected document or which contains
8 protected information from a protected document shall be filed under seal and copies sent by
9 email to the other parties.  A copy of a motion without the attachment may be provided to
10 defendants upon redaction of the information from the protected documents.  The un-redacted
11 motion and attachment(s) may be shown to the defendants.
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///

Case 2:19-cr-00103-GMN-MDC   Document 156   Filed 11/14/24   Page 5 of 5

3.  Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof. At a later date, defense counsel anticipate asking the Court to modify this order by allowing counsel to provide discovery and other protected materials to the in-custody defendants at their detention facility in electronic form, such as on an external hard drive, pursuant to the detention facility's policies and procedures.

Respectfully submitted this 12th day of November, 2024.

| | |
|---|---|
| JASON M. FRIERSON<br>United States Attorney<br><br>/s/ Melanee Smith<br>/s/ Jacob Operskalski<br>MELANEE SMITH<br>JACOB OPERSKALSKI<br>Assistant U.S. Attorney<br><br>DAVID L. JAFFE<br>Chief, Violent Crime and Racketeering Section<br><br>/s/ Jeremy Franker<br>/s/ Christopher Taylor<br>JEREMY FRANKER<br>CHRISTOPHER TAYLOR<br>Trial Attorneys<br>Violent Crime and Racketeering Section<br>U.S. Department of Justice | /s/ John Balazs<br>RICHARD A. WRIGHT<br>MONTI J. LEVY<br>JOHN BALAZS<br>Counsel for Defendant<br>JOSE LUIS REYES-CASTILLO<br><br>/s/ Michael Kennedy<br>ANDREA L. LUEM<br>MICHAEL J. KENNEDY<br>Counsel for Defendant<br>DAVID ARTURO PEREZ-MANCHAME<br><br>/s/ Lisa A. Rasmussen<br>LISA A. RASMUSSEN<br>IVETTE A. MANINGO<br>Counsel for Defendant<br>ALEXANDER DE JESUS FIGUEROA-TORRES |

**IT IS SO ORDERED:**

11-13-24
Date

HONORABLE MAXIMILIANO D. COUVILLIER, III
United States Magistrate Judge

5