| | |
|---|---|
| 1 | SUE FAHAMI |
|   | Acting United States Attorney |
| 2 | District of Nevada |
|   | Nevada Bar Number 5634 |
| 3 | MELANEE SMITH |
|   | STEVEN J. ROSE |
| 4 | Nevada Bar Number 13575 |
|   | Assistant United States Attorneys |
| 5 | 501 Las Vegas Boulevard South, Suite 1100 |
|   | Las Vegas, Nevada 89101 |
| 6 | (702) 388-6336 |
|   | Melanee.Smith@usdoj.gov |
| 7 | Steven.Rose@usdoj.gov |
| 8 | DAVID L. JAFFE |
|   | Chief, Violent Crime and Racketeering Section |
| 9 | U.S. Department of Justice |
|   | JEREMY I. FRANKER |
| 10 | CHRISTOPHER O. TAYLOR |
|   | Trial Attorneys |
| 11 | Violent Crime and Racketeering Section |
|   | U.S. Department of Justice |
| 12 | Jeremy.Franker@usdoj.gov |
|   | Christopher.Taylor2@usdoj.gov |
| 13 | *Attorneys for the United States* |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| 15 | UNITED STATES OF AMERICA, | Case No. 2:19-cr-00103-GMN-MDC |
| 16 | Plaintiff, | |
| 17 | vs. | **GOVERNMENT'S RESPONSE TO DEFENSE MOTION FOR 404(b) NOTICE [ECF Nos. 161, 171, 173, and 178]**[1] |
| 18 | JOSE LUIS REYNALDO REYES-CASTILLO, a/k/a "Molesto," | |
| 19 | DAVID ARTURO PEREZ-MANCHAME, a/k/a "Walter Melendez," | |
| 20 | a/k/a "Herbi," | |
|   | JOEL VARGAS-ESCOBAR, | |
| 21 | a/k/a "Momia," and | |
|   | ALEXANDER DE JESUS FIGUEROA- | |
| 22 | TORRES, | |
| 23 | Defendants. | |

---

[1] Certification: This response is timely. *See* ECF No. 158 (modified at ECF No. 189).

## INTRODUCTION

The United States of America, by and through SUE FAHAMI, Acting United States Attorney and MELANEE SMITH and STEVEN ROSE, Assistant United States Attorneys; and DAVID L. JAFFE, Chief of the Violent Crime and Racketeering Section and JEREMY FRANKER and CHRISTOPHER TAYLOR, Trial Attorneys, hereby responds to the defendants' motion for the Court to order the government to provide at least 30 days' notice of any 404(b) evidence it intends to use at trial.

## POINTS AND AUTHORITIES

If the government intends to use any evidence at trial that falls under Federal Rule of Evidence 404(b), the government will provide notice to the defendants at least 30 days prior to trial, as they request.

However, in a RICO/VICAR case such as this one, the government anticipates admitting evidence that is not expressly listed in the indictment; such evidence is not Rule 404(b) evidence. The case law in relation to conspiracy charges reaches broadly, and remains broad in cases alleging RICO conspiracies. *See United States v. Montgomery*, 384 F.3d 1050, 1062 (9th Cir. 2004) ("We conclude that each action was 'inextricably intertwined' with the conspiracy, and therefore not subject to Rule 404(b), because each occurred within the temporal scope of the conspiracy and comprised the conspiracy"). "The rule is well established that the government in a conspiracy case may submit proof on the full scope of the conspiracy; it is not limited in its proof to the overt acts alleged in the indictment." *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011); s*ee also United States v. Cruz-Ramirez*, 782 F. App'x 531, 542 (9th Cir. 2019) ("Evidence of [a defendant's] uncharged acts was evidence 'directly related

to, or inextricably intertwined with, the crime charged in the indictment,' and was therefore not subject to Rule 404(b)'s notice requirement."), *quoting Rizk*, at 1131-32; *United States v. Gibbs*, 190 F.3d 188, 217-8 (3d Cir. 1999) ("A number of courts likewise have held that Rule 404(b) does not limit the admission of evidence of the defendant's participation in acts of violence as direct proof of a conspiracy. We endorse this reading of Rule 404(b)."); *United States v. Henley*, 766 F.3d 893, 915 (8th Cir. 2014) ("evidence of uncharged crimes was admissible in a RICO prosecution as proof of an enterprise, of the continuity of racketeering activity, and of the defendant's knowledge of, agreement to, and participation in the conspiracy."); *United States v. Gonzalez*, 921 F.2d 1530, 1545–46 (11th Cir. 1991) (holding evidence of uncharged crimes admissible in RICO conspiracy, recognizing that, "[i]n addition to predicate crimes, a RICO conspiracy charge requires proof of an enterprise, of the continuity of racketeering activity, and of the defendant's knowledge of, agreement to, and participation in the conspiracy").

/ /

/ /

As these authorities firmly establish, the government is not limited to presenting evidence that is expressly listed in the indictment. Any evidence the government seeks to admit will be used to prove the existence of the enterprise, a defendant's membership or association within the enterprise, knowledge of racketeering acts or participation in the enterprise.

DATED this 24th day of February 2025.

SUE FAHAMI
Acting United States Attorney

*/s/Melanee Smith*
*/s/Steven Rose*
MELANEE SMITH
STEVEN ROSE
Assistant U.S. Attorneys


DAVID L. JAFFE
Chief, Violent Crime and Racketeering Section

*/s/Jeremy Franker*
*/s/Christopher Taylor*
JEREMY FRANKER
CHRISTOPHER TAYLOR
Trial Attorneys
Violent Crime and Racketeering Section
U.S. Department of Justice