UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOSE LUIS REYNALDO REYES-CASTILLO, a/k/a "Molesto,"<br>DAVID ARTURO PEREZ-MANCHAME, a/k/a "Walter Melendez,"<br>a/k/a "Herbi,"<br>JOEL VARGAS-ESCOBAR,<br>a/k/a "Momia," and<br>ALEXANDER DE JESUS FIGUEROA-TORRES,<br><br>　　　　　Defendants. | Case No. 2:19-cr-00103-GMN-MDC<br><br>**ORDER DENYING DEFENDANT FIGEROA-TORRES' MOTION TO SEVER (ECF No. 181)** |

For the reasons below, the Court DENIES the *Motion to Sever* (ECF No. 181)("Motion") by defendant Alexander De Jesus Figeroa-Torres ("Figeroa-Torres").

I.　　**BACKGROUND**

　　A.　　**Nature Of The Action**

On June 26, 2024, a federal grand jury returned a *Second Superseding Indictment*[1] (ECF No. 141) charging defendants Figeroa-Torres; Jose Luis Reynaldo Reyes-Castillo ("Reyes-Castillo"); David Arturo Perez-Manchame ("Perez-Manchame"); and Joes Vargas-Escobar ("Vargas-Escobar") with 34 counts consisting of various interrelated offences in furtherance of a criminal enterprise, *e.g.,* the Mara

---

[1] The Court takes notice that the government filed a *Third Superseding Indictment* (ECF No. 223) after the parties finished briefing the instant Motion. The Court has reviewed the new indictment in light of the parties' arguments here. The Court finds that the new indictment does not change the Court's analysis of the instant Motion.

1

Salvatrucha gang commonly known is MS-13. The violations include 18 U.S.C. §§ 1962(d) (RICO Conspiracy), §1959(a)(1) (Murder in Aid of Racketeering); §1959(a)(1) (Kidnapping in Aid of Racketeering), §1959(a)(5) (Attempted Murder in Aid of Racketeering); §924(c)(1)(A) (Using or Carrying a Firearm During a Crime of Violence); §924(j) (Causing Death Through the Use of a Firearm); and §2 (Aiding and Abetting). *Second Superseding Indictment, ECF No. 141*. All defendants are indicted as co-conspirators and members of MS-13, holding various ranks among the MS-13 gang. *Id.*

Among other things, the *Second Superseding Indictment* charges that MS-13 is a criminal enterprise, as defined in 18 USC §1961(4), operating in Las Vegas, Nevada and elsewhere across the United States, and engaged in a host of criminal activity from murder to drug trafficking. *Id., ECF No. 141*. The *Second Superseding Indictment* further charges that MS-13 regularly engages in acts of violence against rival gang members as a process of moving through MS-13's hierarchy, to protect gang territory, and developed the gang's feared reputation. *Id.*

The defendants are indicted and charged as members and co-conspirators of the MS-13 enterprise. *Id.* For their alleged role in the MS-13 enterprise, the *Second Superseding Indictment* charges defendants Figeroa-Torres and Vargas-Escobar, along with other MS-13 members, with shooting and killing Daniel Clark on or about March 3, 2017, for the purpose of moving through MS-13's hierarchy. *Id.* Defendant Vargas-Escobar is further charged with coordinating MS-13 business and criminal activities and with killing Richard Gaudio along with codefendant Reyes-Castillo and another unidentified MS-13 member. *Id.*

### B. Figeroa-Torres' Motion

Figueroa-Torres argues that severance is proper because his only alleged substantive overt act is the March 3, 2017, murder of Daniel Clark and claims he did not participate in any of the subsequent alleged murders occurring between December 18, 2017 and March 1, 2018, because he was deported and claims to have remained in El Salvador until he was arrested for re-entering the U.S. in February 2024.

*Motion*, ECF No. 181 at p. 6.  Figueroa-Torres thus claims that his alleged acts are too remote from the alleged overt acts of the other co-defendants to be considered part of the RICO conspiracy.  *Id*. at p. 12.

Figueroa-Torres also asserts severance is proper because he claims that he does not know his co-defendants Reyes-Castillo and Perez-Manchame and has only seen them in Court when he was arraigned with them on the Second Superseding Indictment. *Id*. at p. 9. Thus, Figueroa-Torres argues there is no nexus between the counts against him and the counts against the other defendants. *Id*.

Figueroa-Torres claims two general harms to support his assertion that he will be unduly and unfairly prejudiced by a joint trial.  First, Figueroa-Torres argues that presenting evidence of the other murders for which he was not charged, is *per se* prejudicial.  *Motion*, ECF No. 181 a p. 11.  Second, Figueroa-Torres argues that a joint trial is unduly prejudicial because disparity of evidence, timing, and manner between the alleged murder of Daniel Clark and the other ten (10) alleged murders.  *Id*. at pp.12-13.

## II.    ANALYSIS

### A.    Applicable Standards

Defendants may be properly joined if the indictment alleges that they "participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." *Fed. R. Crim. P. 8(b)*. "All defendants need not be charged in each count" in order to be joined. *Id*.  There is recognized "a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *see also United States v. Silla*, 555 F.2d 703, 707 (9th Cir. 1977)("The general rule is that persons jointly indicted should be jointly tried absent compelling circumstances.")(*citing United States v. Donaway,* 447 F.2d 940 (9 Cir. 1971)).  Joining all indicted defendants "promote[s] efficiency and 'serve[s] the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.' " *Id*. (*quoting Richardson v. Marsh*, 481 U.S. 200, 210 (1987)). Joining defendants is additionally proper in conspiracy cases. *See United States v. Escalante,* 637 F.2d 1197, 1201 (9th Cir. 1980)("Generally speaking, defendants jointly charged are to be jointly tried. This is also

the rule in conspiracy cases.")(internal citations omitted); *see also United States v. Doe*, 655 F.2d 920, 926 (9th Cir. 1980) ("Co-defendants jointly charged are, prima facie, to be jointly tried.").

"If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Severance under Rule 14 requires the movant to show that "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. The burden to sever is high. A defendant requesting severance must show clear, manifest, or undue prejudice to a specific trial right that would result from a joint trial. *United States v. Polizzi*, 801 F.2d 1543, 1554 (9th Cir. 1986); *Zafiro*, 506 U.S. at 539. And where defendants are joined because they were indicted together, the circumstances to sever must be "compelling." *United States v. Silla,* 555 F.2d at 707.

### B.  Defendant Figeroa-Torres Did Not Meet His Burden

Defendant Figeroa-Torres did not show clear, manifest, or undue prejudice to a specific trial right that would result from the joint trial with his RICO codefendants. *See Zafiro*, 506 U.S. at 539; *Polizzi*, 801 F.2d at 1554. First, defendant Figeroa-Torres argues that the presentment of evidence at trial regarding the other 10 murders for which he was not indicted is *pro se* prejudicial. *Motion, ECF No. 181 at 11:1*. Defendant, however, provides no authority for his proposition. In contrast, it is well-established that members of a racketeering conspiracy need not all participate in the same predicate acts. *Salinas v. United States*, 522 U.S. 52, 63 (1997). Further, that defendant Figeroa-Torres claims he was incapable of participating in the other 10 murders because he was purportedly in El Salvador is not prejudicial under the circumstances and conspiracy charges here. "A person, moreover, may be liable for conspiracy even though he was incapable of committing the substantive offense." *Salinas*, 522 U.S. at 64 (*citing U.S. v. Rabinowich*, 238 U.S. 78, 86 (1915)). In *United States v. Martinez,* the Ninth Circuit affirmed the district court's denial of a motion to sever similarly claiming prejudice for being tried together with

codefendants who were charged with separate murders. *Id.* 657 F.3d 811, 819 (9th Cir. 2011)("All seven defendants were charged with only one count of conspiracy carried out by a variety of means. If there was a spillover from proof of one criminal act to proof of another criminal act it followed from the overarching character of the criminal enterprise.").

Second, defendant Figeroa-Torres appears to claim general prejudice because he alleges no connection or nexus with defendants Reyes-Castillo or Perez-Manchame and the alleged MS-13 enterprise. *Motion, ECF No. 181 at p. 9.* However, this is merely a generalized, broad claim. Defendant Figeroa-Torres does not show a clear, manifest, or undue prejudice to specific trial right. *See Zafiro*, 506 U.S. at 539. Moreover, the *Second Superseding Indictment* sufficiently charges a connection and nexus between defendant Figeroa-Torres and his codefendants and the alleged MS-13 enterprise. For example, the *Second Superseding Indictment* charges that defendant Figeroa-Torres murdered Daniel Clark in furtherance of the MS-13 enterprise and that he committed the murder along with other MS-13 members, including defendant Vargas-Escobar, who is further charged with coordinating MS-13 business and criminal activities with codefendant Reyes-Castillo. *Id.* More importantly, "a party to a conspiracy need not know the identity, or even the number, of his confederates." *United States v. Elliott*, 571 F.2d 880, 903 (5th Cir. 1978)(*quoting United States v. Andolschek*, 142 F.2d 503, 507 (2d Cir. 1944)). *See also United States v. Brooklier*, 685 F.2d 1208, 1222 (9th Cir. 1982)("[I]t is not necessary that each conspirator knows all of the details of the plan or conspiracy.").

Finally, defendant Figeroa-Torres claims that joinder is unfair because a jury could be swayed by the disparate evidence of the other 10 murders, overwhelming the only murder count against him. *Motion ECF No. 181 at pp.13-14.* Defendant Figeroa-Torres' argument is not new. The circumstances are generally present in RICO conspiracy cases (*see e.g., Rabinowich*, 238 U.S. at 86; *United States v. Martinez,* 657 F.3d at 819) and defendant Figeroa-Torres has not shown this his circumstances are unique, or that any potential harm cannot be addressed through jury instructions. *See United States v. Van Cauwenberghe,* 827 F.2d 424, 432 (9th Cir. 1987)("We do not believe that evidence of Blair's guilt spilled

over to Van Cauwenberghe. When, as here, the district court instructed the jury to consider the guilt or innocence of each codefendant separately, in light of the evidence against that defendant, the jury is presumed to have obeyed."). Therefore, joining defendant Figeroa-Torres with codefendants that he suggests may be more culpable is not sufficient to sever. *See United States v. Van Cauwenberghe,* 827 F.2d at 432 ("[T]he mere fact that a criminal defendant is jointly tried with a more culpable codefendant is not alone sufficient to constitute an abuse of the district court's discretion"). "[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro*, 506 U.S. at 540.

## ORDER

For the foregoing reasons,

**IT IS ORDERED** that defendant Figeroa-Torres's *Motion to Sever* (ECF No. 181) is **DENIED**.

DATED: March 3, 2025.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge